UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-107-TAV-HBG |
| DANA SCOTT RICHARDSON, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is defendant's *pro se* Motion for Sentence Reduction, pursuant to United States Sentencing Guideline Amendment 801 and 18 U.S.C. § 3582(c) [Doc. 29]. The government responded in opposition [Doc. 30]. For the reasons stated below, defendant's motion will be denied.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable

amendment.  18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S. Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.

Amendment 801, which amended the language of § 2G2.2(b), took effect November 1, 2016.  The Sentencing Commission has not designated Amendment 801 as retroactive. *See* U.S.S.G. § 1B1.10(d).  Therefore, using the amendment to reduce defendant's sentence would not be consistent with the Sentencing Commission's policy statements.  *See United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) (holding that, for a sentence to be reduced pursuant to § 3582(c)(2) because of an amendment to the Guidelines, the amendment must be listed in § 1B1.10 as being retroactive); *Pease v. United States*, No. 1:09CR0258, 2018 WL 902287, at *1 (N.D. Ohio Feb. 14, 2018) (denying defendant's request for a sentence reduction based on Amendment 801 and 18 U.S.C. § 3582 because Amendment 801 is not listed in U.S.S.G. § 1B1.10(d)).  Consequently, because Amendment 801 does not apply retroactively, § 3582(c) does not authorize a reduction of the defendant's sentence.

Defendant further argues that the Court should nevertheless apply Amendment 801 retroactively, because it is a "clarifying" amendment rather than a "substantive" one [Doc. 29 pp. 5–9].  In support, defendant cites U.S.S.G. § 1B1.11, which advises that courts should apply the Guideline Manual in effect on the date the defendant is sentenced (or, in certain circumstances, on the date the defendant committed the offense) in its entirety, with the exception that "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes."  However, by its own language and according to the

2

commentary issued by the Sentencing Commission, § 1B1.11 "controls retroactivity when the Guidelines have been amended between the time of the offense and the time of sentencing." *United States v. Lykes*, 73 F.3d 140, 143 (7th Cir. 1995) ("The question whether an amendment is substantive or clarifying, which may arise in analyzing the effect of the Ex Post Facto Clause on the initial sentence imposition, is . . . irrelevant to the implementation of § 1B1.10."). Therefore, because defendant was sentenced well before Amendment 801 took effect, § 1B1.11 is not applicable here, and whether Amendment 801 may be characterized as "clarifying" or "substantive" is irrelevant.

Defendant has not identified other statutory authority under which this Court may grant the relief he seeks. Accordingly, defendant's motion for a sentence reduction [Doc. 29] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE